UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JOSHUA E. PREECE,<br>    Defendant. | CRIMINAL NO. 5:21-35-KKC-MAS<br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on the defendant Joshua Preece's motion to revoke the magistrate judge's order of detention. Because the magistrate judge appropriately found that Preece's pretrial release would be a danger to the community, his motion (DE 26) will be denied.

I.

The indictment charges Preece with eighteen counts related to depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2251(a) and (e), and 18 U.S.C. §§ 2252(a)(2) and (b)(1). (DE 1). At the initial appearance and arraignment, the United States orally moved for detention. (DE 9). On account of the charged violations, the Court determined that Preece was entitled to a hearing pursuant to 18 U.S.C. § 3142(f)(1)(E). (*Id.*)

The magistrate judge conducted a detention hearing on April 16, 2021 and issued an Order of Detention shortly thereafter. (DE 17 (Minute Entry); DE 20 (Order)). In the order, the magistrate judge found that, while Preece had overcome the presumption of detention based on flight risk, Preece should nevertheless be detained because the government had presented clear and convincing evidence that he would pose a danger to the community if released. (*Id.*) On July 3, 2021, Preece filed this motion pursuant to 18 U.S.C. § 3145(b) (DE 26), asking the Court to revoke the magistrate judge's ruling and to find that: Preece is entitled to pre-trial release with

home detention, GPS monitoring, a prohibition on the use of the internet and internet-enabled electronic devices, and all other relevant conditions deemed necessary.

The Court will conduct a *de novo* review of the magistrate judge's detention order. The statute providing for review of the magistrate judge's detention order does not specifically require that the Court conduct an additional hearing. 18 U.S.C. § 3145(b). In his motion, Preece does not request a hearing, and he does not rely on or explain evidence not already in the record that he would proffer at a hearing in support of the motion to revoke the detention order. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v.* Jones, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001); *United States v. Alonso*, 832 F. Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D. Ind. 1992).

In resolving this motion, the Court will rely on the indictment, the Pretrial Services Report prepared by the United States Probation Office (DE 19), the transcript of the detention hearing (DE 25), and the response filed by the United States following the detention hearing (DE 28).

## II.

Pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, a defendant may be held pending the resolution of his case only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The United States must prove that no conditions of release can ensure the safety of the community and the defendant's appearance in court. *Id.* It must

demonstrate the defendant's risk of non-appearance based on a preponderance of the evidence and demonstrate that he presents a danger to others and the community by clear and convincing evidence. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Curry,* 2006 U.S. Dist. LEXIS 49661, at *16 (E.D. Ky. 2006).

In certain cases, the default position of release pending trial is modified in favor of detention pending trial. *Stone*, 608 F.3d at 945. There is a rebuttable presumption in favor of detention if there is probable cause to believe that the defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3). A grand jury indictment will satisfy the probable cause requirement. *See Hazime*, 762 F.2d at 37. The defendant bears the "burden of production" to overcome the presumption, but the United States retains the "burden of persuasion" in proving that the defendant should be detained pending trial. 18 U.S.C. § 3142(e)(3); *Stone*, 608 F.3d at 945.

A defendant must come forward with some evidence to indicate that he is not a danger to the community and does not present a risk of non-appearance. *Stone*, 608 F.3d at 945 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Producing evidence that the defendant is not a danger to the community, or a flight risk, does not alone overcome the presumption in favor of detention, as it is merely a factor for the Court to weigh in deciding whether the defendant should be detained pending trial. *Id.*

Regardless of whether a presumption in favor of detention applies to a particular defendant, the government must prove that no conditions of release can ensure the safety of the community or the defendant's appearance in future court proceedings. *Id.* Section 3142(g) delineates factors for courts to consider in order to determine whether the Government has satisfied this burden of persuasion:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a

> minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). A court's consideration of these factors should not be construed to modify or limit the defendant's presumption of innocence. *Stone,* 608 F.3d at 946; 18 U.S.C. § 3142(j). With this legal framework in mind, the Court considers Preece's request that he be released pending trial.

This is a presumption case because Preece is charged with offenses involving minor victims. *See* 18 U.S.C. § 3142(e)(3)(E). Because of this presumption, the burden shifts to Preece to offer rebuttal evidence.

This Court, like Judge Stinnett, finds that Preece has adequately rebutted the presumption in favor of detention as to his flight risk. At the detention hearing, the United States proffered that Preece was facing "significant penalties" (DE 25 at 58); however, the Government did not argue that risk of flight is its primary concern. The government, again, in its response makes the same concession. (DE 26, n.1) ("The United States … does not argue now…that the Defendant poses a risk of flight."). The Court agrees with Judge Stinnett that this concern does not prove flight risk by the preponderance of the evidence. (*See* DE 20 at 4-5). Preece's close ties to the Commonwealth lean toward a finding of release. *See* 18 U.S.C. §

4

3142(g)(3). He grew up in Kentucky and has a home here. Apart from his wife, Santana, Preece's mother and stepfather also reside in Kentucky. DE 19 at 2). He owns a jewelry store with his wife in Kentucky. (*Id.*) Preece's lack of reported violations throughout his six months of state pretrial release further indicates his willingness to appear at court proceedings. These facts overcome Preece's presumption of detention based on flight risk.

The Court now turns to the factors of 18 U.S.C. § 3142(g) to determine whether the Government has met its burden of persuasion.

First, the nature and circumstances of the offense charged weigh heavily in favor of denying the motion to revoke the detention order. For "[m]onths, if not potentially years," Preece engaged in the deceitful and perverted practice of messaging minors, ranging from the ages of 13-17, coercing them to perform sexually explicit acts, and then to send him nude, compromising photographs. To achieve this, Preece concocted two different personas—one being a teenage boy and the other being a teenage girl. The nature and circumstances of the offenses charged thus weigh heavily in favor of detention.

Next, the "weight of the evidence" against Preece favors detention. *See* 18 U.S.C. § 3142(g)(2). This factor relates to the weight of the evidence of a defendant's dangerousness, not the weight of evidence of his guilt. *Stone*, 608 F.3d at 948. Preece is currently facing third-degree rape charges in state court. It was these charges that led to the confiscation and search of Preece's electronic devices, and ultimately, how he landed these federal charges. This factor, too, weighs heavily in favor of detention.

The history and characteristics of the defendant do not weigh in favor of detention. 18 U.S.C. § 3142(g)(3). Preece has no criminal history. The defendant is someone "who has a master's degree in criminal justice, was a Kentucky State Trooper for nine years, a Bath County Deputy Sheriff for three years, and does not use substances." (DE 20 at 6, *citing* DE 19 at 4).

Notwithstanding, simply because Preece has no criminal history, does not necessarily mean that he is not a danger to the community. A lack of criminal history does not mandate release. *See United States v. Music*, 2007 U.S. Dist. LEXIS 51557, *5 (W.D. Ky. July 16, 2007). The Court finds that Preece's intimate knowledge of the criminal justice system and 13-year employment in law enforcement is particularly troubling, especially given the nature of his charges.

As to the final factor, the Court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *See* 18 U.S.C. § 3142(g)(4). Here, given the nature of the charges the Court finds there is no combination of conditions that would protect the safety of the community. While the defendant submits that GPS monitoring, a prohibition on the use of the Internet and Internet-enabled electronic devices, as well as cancelling home internet services, could ameliorate the concerns of the Court, that is still far from the case. The criminal conduct displayed against both male and female teenagers for months, and possibly years, has been shown to be skillful and pervasive. The final factor weighs in favor of detaining Preece pretrial.

### III.

In summary, in consideration of the factors set forth in 18 U.S.C. § 3142(g), the Court finds Court finds that the United States has established by clear and convincing evidence that Preece is a danger to the safety of the community.

Accordingly, the Court hereby ORDERS that Preece's motion to revoke the magistrate judge's order of detention (DE 26) is DENIED. Preece SHALL remain in custody pending trial.

Dated July 20, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

6