Eastern District of Kentucky
FILED
OCT 12 2021
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:21-CR-35-KKC-MAS

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | **PLEA AGREEMENT** |
| JOSHUA E. PREECE | DEFENDANT |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, knowing or having reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce and the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. The Defendant will also admit to the Forfeiture Allegation of the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 through 18.

2. The essential elements of 18 U.S.C. § 2251(a) are:

(a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

(b) The Defendant knew that the visual depictions he persuaded, induced, enticed and coerced the minor victim to create would be transmitted using a means or facility of interstate commerce.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On November 5, 2018, the Defendant, who was a Bath County Deputy Sheriff, answered a call about a 17-year-old female who was out of control at the residence she shared with her mother and grandmother. The Minor Victim's (MV) mother indicated her daughter had a severe anxiety disorder. The Defendant indicated there was nothing he could do because the MV was a minor; however, he asked if he could take the MV somewhere to spend the night so everyone could calm down. The Defendant arrived at the MV's home at approximately 8:00 p.m. The MV's mother reluctantly agreed to permit the Defendant to transport her daughter to a friend's house to spend the night, which the Defendant did. The Defendant purposefully drove past the friend's house and parked at a barn in a remote area of Bath County. He had begun talking about sexual matters; he then began rubbing the MV's upper thigh and then her private area over her leggings/pants. The Defendant told the MV to remove her pants, which she did, at which time he touched her over her panties. He removed his gun belt and pistol and placed it on the console of the vehicle. He then got out of the vehicle, walked around to the passenger side, opened the door, pulled down her panties and inserted his fingers into her vagina. He made the MV touch his penis with her hand, ultimately ejaculating into her hand.

(b) After sexually assaulting the MV, the Defendant finally drove her to her friend's house, in Bath County, in the Eastern District of Kentucky. He asked for her phone number, but she instead gave him her Snapchat account information. Shortly after he messaged her on Snapchat, asking her for photos. She sent a picture of her breasts, and he replied, "nice boobs." He requested more sexually explicit pictures, so she sent him two nude photos of her vagina.

(c) The next day, the MV told her mother and grandmother what happened. The MV'S mother went to the Bath County Attorney's Office on November 6, 2018, to request investigation/prosecution. On November 8, 2018, the Bath County

2

Attorney contacted the Kentucky State Police (KSP) to investigate the reported sexual assault of the MV by the Defendant. A search warrant was obtained that day. During the execution of the search warrant, the Defendant admitted transporting the MV but he denied sexually abusing her and he denied having a Snapchat account. A forensic review of the Defendant's phone revealed he did have a Snapchat account and he had been communicating with the MV via Snapchat. Further forensic review revealed multiple sexually explicit images of other self-identified minors on his phone, which images were sent on the Whisper app.

(d) The Defendant admits that he knowingly persuaded, induced, enticed, coerced, and used the MV to produce sexually explicit images, and that those visual depictions would be transmitted in interstate commerce using Snapchat and the internet, a means or facility of interstate commerce.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty), committed after May 29, 2015, through September 30, 2021. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. The parties specifically do not agree as to the applicability of

3

United States Sentencing Guidelines (U.S.S.G.) §4B1.5(b), the 5 level enhancement which applies if the Defendant "engaged in a pattern of activity involving prohibited sexual conduct." This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range. The U.S.S.G., November 1, 2018, manual guidelines are as follows:

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery.

    (c) Pursuant to U.S.S.G. § 2G2.1(d)(1), "If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." Application Note 7 to U.S.S.G. § 2G2.1(d)(1) states, in part, "that if the relevant conduct of an offense of conviction includes more than one minor being exploited, whether specifically cited in the count of conviction or not, each such minor shall be treated as if contained in a separate count of conviction."

    Count 1A (Minor Victim #1):

    (d) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

    (f) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

    (g) Pursuant to U.S.S.G. § 3B1.3, increase the offense level by 2 levels because the Defendant abused a position of public trust (Defendant was a Bath County Deputy Sheriff) in a manner that significantly facilitated the commission or concealment of the offense.

    (h) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to

4

any victim of the offense of conviction (Count 1), as well as any victims whose images are contained in the dismissed counts (Counts 2-18), pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A.

Adjusted Offense Level (Subtotal): 38

Count 1B (minor identified as h._XXXX_XXXX14)

    (i) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (j) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), increase the offense level by 2 levels because the victim had not attained the age of 16 years.

    (k) Pursuant to U.S.S.G. § 2G2.1(b)(4)(A), increase the offense level by 2 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence (the insertion of a brush handle in the minor victim's vagina at the request of the Defendant).

    (l) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

Adjusted Offense Level (Subtotal): 38

Count 1C (minor identified as hXXXX)

    (m) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (n) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

Adjusted Offense Level (Subtotal): 34

Count 1D (minor identified as AXXXXXXXp)

    (o) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (p) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense

5

involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

Adjusted Offense Level (Subtotal): 34

Count 1E (minor identified as tXXXXt)

(q) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(r) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

Adjusted Offense Level (Subtotal): 34

Count 1F (minor identified as CXXX_IXXX)

(s) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(t) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

Adjusted Offense Level (Subtotal): 34

Count 1G (minor identified as MXXXXXXXX CXX)

(u) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(v) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

Adjusted Offense Level (Subtotal): 34

Count 1H (minor identified as aXXXXs)

(w) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

(x) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B)(i), increase the offense level by 2 levels because, for the purpose of producing sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce the minor Victim to engage in sexually explicit conduct.

Adjusted Offense Level (Subtotal): 34

Multiple Count Adjustment:

**Multiple Count Adjustment:** Units are assigned pursuant to USSG §3D1.4(a), (b) and (c). One unit is assigned to the group with the highest offense level. One additional unit is assigned for each group that is equally serious or from one to four levels less serious. One-half unit is assigned to any group that is five to eight levels less serious than the highest offense level. Any groups that are nine or more levels less serious than the group with the highest offense level are disregarded.

| Group/Count | Adjusted Offense Level | Units |
| --- | --- | --- |
| Count 1 A | 38 | 1.0 |
| Count 1 B | 38 | 1.0 |
| Count 1 C | 34 | 1.0 |
| Count 1 D | 34 | 1.0 |
| Count 1 E | 34 | 1.0 |
| Count 1 F | 34 | 1.0 |
| Count 1 G | 34 | 1.0 |
| Count 1 H | 34 | 1.0 |
| **Total Number of Units:** | | 8.0 |

**Greater of the Adjusted Offense Levels Above:** 38

**Increase in Offense Level:** The offense level is increased pursuant to the number of units assigned by the amount indicated in the table at USSG §3D1.4. If there are more than 5 Units, increase the offense level by 5.  + 5 levels

**Combined Adjusted Offense Level:** The Combined Adjusted Offense Level is determined by taking the offense level applicable to the Group with the highest offense level and increasing the offense level by the amount indicated in the table at U.S.S.G. § 3D1.4.   43

**Acceptance of Responsibility:** Pursuant to USSG §3E1.1(a), because the Defendant clearly demonstrated acceptance of responsibility, and (b) timely provided complete information to the government concerning his own involvement

7

in the offense and/or timely notified authorities of intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the offense level is reduced by three levels.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds 240 months (20 years). Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment. The Defendant agrees that there is a nexus between the property and the criminal violation, and/or that the property contains illegal contraband images. The defendant further agrees to waive all provisions in Rule 32.2 related to the timing of entries of forfeiture orders.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. When the Defendant is incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of

9

supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING U. S. ATTORNEY

Date: 10-12-25   By: *David A. Marye*
David A. Marye
Assistant United States Attorney

Date: 10-12-2021

_____
Joshua E. Preece
Defendant

Date: 10/12/2021

_____
Jarrod J. Beck
Attorney for Defendant

12