UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:21-CR-035-KKC-MAS

UNITED STATES OF AMERICA                                    PLAINTIFF

V.          **UNITED STATES' SENTENCING MEMORANDUM**

JOSHUA E. PREECE                                             DEFENDANT

\*   \*   \*   \*   \*

Joshua E. Preece pled guilty on October 12, 2021, to count 1 of the Indictment, which charged him with Using a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Depiction of that Conduct (Sexual Exploitation of Children), in violation of 18 U.S.C. § 2251(a). The United States agreed to move the Court to dismiss the remaining counts of the Indictment at the sentencing hearing. The Defendant also admitted to the Forfeiture Allegation of the Indictment.

The Defendant objects to 1) the 2 level enhancement contained in paragraph 17 of the Presentence Investigation Report (PSR), which included a two level enhancement pursuant to United States Sentencing Guideline (U.S.S.G.) § 2G2.1(b)(3), because the Defendant knowingly engaged in distribution; 2) the 5 level enhancement pursuant to U.S.S.G § 4B1.5(b)(1) contained in paragraph 24 of the PSR, which increase is for "a pattern of activity involving prohibited sexual conduct"; 3) the adjusted offense level in paragraph 24 (based on his first two objections); and 4) the inclusion of a special

condition of Supervised Release in paragraph 51 of the PSR, which prohibits him from "going to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available." The United States has no objections to the PSR.

Before deducting three levels for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), the Probation Office determined that the Defendant's offense level was 45 (PSR, ¶ 26). After deducting the three levels for Acceptance of Responsibility, the offense level becomes 42. The Defendant's Criminal History Category is I (PSR, ¶ 31). An offense level of 42 coupled with a Criminal History Category of I results in a guidelines range of 360 months to life imprisonment. (PSR, ¶ 47). Since the statutory maximum for a violation of 18 U.S.C. § 2251(a) is thirty (30) years, the guideline term of imprisonment is 360 months, pursuant to U.S.S.G. § 5G1.1(c)(1). *Id.*

The Defendant also faces a mandatory special assessment of $100.00, pursuant to 18 U.S.C. §3013(a)(2)(A), for the single count of the Indictment to which he pled guilty. Additionally, the Defendant faces the mandatory special assessment of $5,000.00, pursuant to 18 U.S.C. §3014(a)(3), for any offenses which occurred after May 29, 2015, if the Court determines him to be non-indigent. The offense to which the Defendant pled guilty occurred on or about November 5, 2018; hence, he is subject to the additional mandatory special assessment of $5,000.00, unless the Court determines he is indigent.

## DEFENDANT'S UNRESOLVED OBJECTIONS

As noted in the Defendant's first objection, the 2 level enhancement for distribution was not contained in the Plea Agreement. Because the United States had not charged the defendant with Distribution, the United States did not include distribution in the Plea Agreement; however, the Court must correctly calculate the sentencing guidelines. As the Probation Office responded in the addendum to the PSR, the "defendant messaged Minor Victim # 1 on SnapChat to ask for photos. Minor Victim # 1 sent a picture of her breast and two photos of her nude vagina. In summation, the defendant induced Minor Victim # 1 to send the images to himself via SnapChat." It appears that the Defendant's inducing Minor Victim # 1 to send him pictures of her vagina qualify for the 2 level enhancement for distribution. The United States must leave the determination of the applicability of this enhancement to the Court, as it was not included in the Plea Agreement.

The Defendant's second objection is to the 5 level enhancement for a "pattern of activity involving prohibited sexual conduct." Again, the Probation Office Response to this objection is well-taken. Pursuant to U.S.S.G. § 4B1.5, Application Note 4(B)(i) and (ii), "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." Nor must the prohibited sexual conduct occur during the course of the instant offense or result in a conviction. Furthermore, production of Child Pornography is included in the definition of "prohibited sexual conduct." See Application Note

4(A)(ii). There are two additional counts of production in the indictment, as well as 6 counts of attempted production. The United States will be prepared to call the case agent to testify about the two additional counts of production and 6 counts of attempted production at sentencing. The United States estimates that this testimony will last between 15 and 20 minutes; hence, the sentencing hearing my last close to an hour.

The Defendant's third objection is to the adjusted offense level. This objection can only be resolved by the Court's ruling on his first two objections, and then making any necessary adjustments to the adjusted offense level.

The Defendant's fourth objection is to the inclusion of a special condition of Supervised Release which prohibits him from "going to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available." The United States does not object to the requested change in this special condition of the Defendant's term of Supervised Release.

## 18 U.S.C. § 3553 AND THE APPROPRIATE SENTENCE

A substantial sentence is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Producing, receiving, and possessing child pornography are not victimless crimes; instead they repeatedly expose each child victim to shame and humiliation. *See, e.g.*, *New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera

must go through life knowing that the recording is circulating within the mass distribution system for child pornography.") *See also United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("And as long as there is a demand [for] images of child pornography, there is going to be an unending stream of child abuse of children who are forced into these roles.")  Moreover, traders of child pornography often form a community normalizing, teaching, and encouraging others interested in sexually molesting children.

A substantial sentence is also needed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A guideline sentence of imprisonment for 360 months would be a clear warning to others considering similar conduct. "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). *See also United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (reversing the district court for neglecting the importance of deterrence in a sentencing for possession of child pornography); *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for this material by imposing severe criminal penalties on persons . . . promoting the product.").

Producers, traders and collectors of child pornography may have a compulsion for this material, but they are still deterred by law enforcement. Learning of Preece's substantial sentence will perhaps reduce the abuse of children by others in this district who would consider producing, receiving, possessing and trading such material. *See,*

5

*e.g., United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences") (Copy of opinion attached as Attachment A pursuant to *Sixth Circuit Rule 28*).

Another reason a substantial sentence is needed is "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Many child pornography victims state that the thought of men continually viewing pornographic images of them as children "for their own sick sexual desires" is what causes their continuing emotional distress as they enter adulthood.

18 U.S.C. § 3553(a)(6) notes, as another factor for district courts to consider, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Although the undersigned Assistant United States Attorney recognizes that this requirement to "avoid unwarranted sentence disparities" is intended to encompass nationwide sentences, it may be instructive to consider other such cases sentenced within the Eastern District of Kentucky (EDKY). The following list does not compare the sentences imposed in all cases of producing child pornography within the EDKY; however, it is a compilation of the cases prosecuted by the undersigned for production of child pornography in violation of 18 U.S.C. § 2251(a) since 2013:

1. *U.S. v. Luis Antonio Caballero*, 14-CR-066-KKC, sentenced to **360 months of imprisonment,** to be followed by a life term of supervised release. Caballero had a previous "hands-on" conviction. His guidelines range was 300 to 365 months. (Guilty plea to single count).

2. *U.S. v. Mark Andrew Morris*, 15-CR-004-SS-JMH, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of two counts of 18 U.S.C. § 2251(a), 240 months on each of two counts of distribution and one count of receipt, and 120 months on one count of possession, concurrently, for **a total sentence of 360 months of imprisonment).** His guidelines range was 1,560 months**.** (jury trial).

3. *U.S. v. Cody Lee Herman*, 15-CR-065-KKC, sentenced to **300 months of imprisonment,** to be followed by a 30-year term of supervised release. His guidelines range was 360 months. (Guilty plea to single count).

4. *U.S. v. Joseph David Martin,* 15-CR-011-GFVT, **sentenced to 360 months of imprisonment**, to be followed by a life term of supervised release. (Convicted by a jury of one count of 18 U.S.C. § 2251(a), 240 months on one count of receipt, and 120 months on one count of possession. Counts 1 and 2 were run concurrently, and count 3 was run consecutively, for a **total sentence of 480 months of imprisonment).** His guidelines ranges were 360 months on Count 1, 240 months on Count 2, and 120 months on Count 3. (jury trial).

5. *U.S. v. Corey Lane Snapp*, 15-CR-074-DCR, sentenced to **215 months of imprisonment,** to be followed by a life term of supervised release. His guidelines range was 210-262 months. (Guilty plea to single count).

6. *U.S. v. Melissa A. Torres*, 15-CR-015-GFVT, sentenced to **300 months of imprisonment**, to be followed by a life term of supervised release. Her guidelines range was 360 months. (Guilty plea to single count).

7. *U.S. v. Michael Steven Rose,* 16-CR-001-DLB, sentenced to **420 months of imprisonment,** to be followed by a life term of supervised release. Rose had a previous "hands-on" conviction. His guidelines range was 360 months to life imprisonment. (Guilty plea to single count; binding plea agreement pursuant to F. R. Cr. Proc. 11(c)(1)(C)).

8. *U.S. v Ryan Patrick Cooper,* 16-CR-001-DCR, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of one count of 18 U.S.C. § 2251(a), and 240 months on one count of distribution, run concurrently, for a **total sentence of 360 months of imprisonment**). His guidelines range was life imprisonment, but he was capped at 360 and 240 months. (jury trial).

9. *U.S. v Willie Ray Hubbard, Jr.,* 16-CR-061-KKC, sentenced to **240 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was 210 to 262 months. (Guilty plea to single count).

10. *U.S. v Steven Michael Smith,* 17-CR-023-JMH, sentenced to **240 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was 360 months to life imprisonment. (Guilty plea to single count).

11. *U.S. v Matthew Craig Fosson,* 17-CR-001-GFVT, sentenced to **276 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was life imprisonment, capped at 360 months. (Guilty plea to single count).

12. *U.S. v. Jordan Combs*, 17-CR-031-S-KKC, **sentenced to 360 months of imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of four counts of 18 U.S.C. § 2251(a), 240 months on each of five counts of distribution and ten counts of receipt, and 120 months on one count of possession, concurrently, for **a total sentence of 360 months of imprisonment).** $3,000.00 in restitution was also ordered. His guidelines range was life imprisonment. (jury trial).

13. *U.S. v. Saul Aguilar Andres*, 17-CR-091-JMH and 18-CR-40-JMH (Rule 20 transfer from NDIL), **sentenced to 360 months of imprisonment on each of two counts in 18-CR-40-JMH,** run concurrently to each other but consecutively to 240 months of imprisonment for transportation of CP in 17-CR-091-JMH, for **a total sentence of 600 months of imprisonment,** to be followed by a life term of supervised release. His guidelines range was life imprisonment, capped at 360, 360, and 240 months. (Guilty plea to two counts of production and one count of transportation).

14. *U.S. v Shannon S. Simonton,* 18-CR-011-GFVT, sentenced to **240 months of imprisonment**, to be followed by a 25-year term of supervised release. His guidelines range was 360 months to life imprisonment, capped at 360 months. (Guilty plea to single count).

15. *U.S. v Bobby T. Cassady,* 18-CR-104-JMH, sentenced to **180 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was 188 to 235 months imprisonment, capped at 360 months. Upon his agreement to pay $15,000.00 restitution to the victim's family for a

college scholarship fund, the United States did not object to the Defendant's request for a sentence of 180 months. (Guilty plea to single count).

16. *U.S. v. Richard Eugene Derringer*, 19-CR-056-S-DCR, **sentenced to 360 months of imprisonment,** on each of two counts, 240 months on one count of possession of child pornography, and 240 months on one count of distribution of methamphetamine, run consecutively, for a **total sentence of 1200 months (100 years) imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of four counts of a five count indictment). His guidelines range was life imprisonment. (jury trial).

17. *U.S. v James E. Woosley,* 19-CR-37-DCR, sentenced to **360 months of imprisonment**, to be followed by a 15-year term of supervised release. His guidelines range was life imprisonment, capped at 360 months. (Guilty plea to single count).

18. *U.S. v. Dale Allen Fraley*, 19-CR-012-S-DLB, **sentenced to 360 months of imprisonment,** on one count; 324 months on each of four counts, to run concurrently with one another but consecutive to the 360 months, 240 months on multiple counts of receipt nd one count of distribution, to run concurrently, and 120 months on one count of possession of child pornography, to run concurrently, for a **total sentence of 684 months (57 years) imprisonment,** to be followed by a life term of supervised release. (Convicted by a jury of all counts of the Indictment that went to the jury). His guidelines range was life imprisonment. (jury trial).

19. *U.S. v Larry Dale Foley, Jr.,* 20-CR-2S-DCR, sentenced to **360 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was life imprisonment, capped at 360 months. (Guilty plea to single count).

20. *U.S. v Johnathan Scott Mason,* 20-CR-69-KKC, sentenced to **360 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was 292-360 months, capped at 360 months. (Guilty plea to single count).

21. *U.S. v Joseph Moctezuma Lopez,* 20-CR-33-S-JMH, sentenced to **180 months of imprisonment**, to be followed by a life term of supervised release. His guidelines range was 262-327 months, capped at 360 months. (Guilty plea to single count).

22. *U.S. v. Timothy Allen Caylor*, 21-CR-088-GFVT, sentenced to **444 months of imprisonment,** to be followed by a life term of supervised release. Caylor had a previous "hands-on" conviction. His guidelines range was Life, capped at 600 months (50 years). (Guilty plea to single count).

Each of the above cases resolved by a guilty plea (except Aguilar Andres, who pleaded guilty to a total of three counts) were pleas to a single count of production with the dismissal of all remaining counts. The defendants in those cases resolved by a trial, except Richard Derringer, were convicted by a jury of all counts contained in their indictments.

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when imposing sentence: "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 2259(a) and (b)(4) make the entry of an order of restitution mandatory in any case involving an offense contained in chapter 110, which includes the offense of which the Defendant has been convicted.

The United States Attorney's Office (USAO) has not yet been apprised that Minor Victim # 1 has sought restitution. The United States has repeatedly left messages for Minor Victim # 1's mother to request such information, but she has not responded to those messages. The United States hereby requests an additional ninety days within which to resolve the matter of restitution, pursuant to 18 U.S.C. § 3664(5). The United States respectfully requests the Court to permit this sentencing memorandum to be the equivalent of the notice required by 18 U.S.C. § 3664(5).

## **CONCLUSION**

The United States respectfully requests the Court to impose a sentence of 360 months imprisonment to be followed by a substantial term of supervised release, and to enter an Order of Forfeiture regarding all of the items contained in the Forfeiture Allegation of the indictment.

The United States also requests the Court to determine whether the Defendant is indigent, and if not, to impose the mandatory special assessment of $5,000.00 required by 18 U.S.C. §3014(a)(3) for those defendants who are determined by the Court to be non-indigent. Such a sentence will be sufficient, but not greater than necessary, to comply with the purposes contained in 18 U.S.C. § 3553(a)(2).

                Respectfully submitted,

                CARLTON S. SHIER, IV
                UNITED STATES ATTORNEY

By:   s/ David A. Marye
       Assistant United States Attorney
       260 W. Vine Street
       Lexington, Kentucky 40507-1612
       (859) 685-4873
       David.Marye@usdoj.gov

CERTIFICATE OF SERVICE

On March 21, 2022, I electronically filed this document through the ECF system, which will send the notice of electronic filing to:

    Jarrod J. Beck, Esq.
    *Attorney for Joshua E Preece.*

Furthermore, I emailed a copy of this document to U.S. Probation Officer Brittany Cardin.

                                              s/ David A. Marye
                                              Assistant United States Attorney